09-1616-cv
Stein v. The United States of America

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION: "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 14th day of May, two thousand ten.

PRESENT:
> JON O. NEWMAN,
> JOHN M. WALKER, JR.,
> GERARD E. LYNCH,
> > *Circuit Judges.*

---

Gabor Stein,

> *Plaintiff-Appellant,*

> v.                                              09-1616-cv

The United States of America,

> *Defendant-Appellee.*

---

FOR APPELLANT:          Gabor Stein, *pro se*, New York, New York.

FOR APPELLEE:           Natalie N. Kuehler, Sarah S. Normand, Assistant United States Attorneys <u>for</u> Preet Bharara, United States Attorney for the Southern District of New York, New York, New York.

Appeal from a judgment of the United States District Court for the Southern District of New York (McKenna, J.).

**UPON DUE CONSIDERATION IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court be **AFFIRMED.**

On this appeal from the district court's judgment, appellant seeks review of the court's order granting summary judgment to Appellee in this action for a refund of $19,116 paid toward Trust Fund Recovery Penalties ("TFRP") of $52,369, and an injunction barring the collection of the balance.

This Court reviews an order granting summary judgment *de novo*, and asks whether the district court properly concluded that there were no genuine issues of material fact and that the moving party was entitled to judgment as a matter of law. *See Miller v. Wolpoff & Abramson, L.L.P.*, 321 F.3d 292, 300 (2d Cir. 2003). In determining whether there are genuine issues of material fact, this Court is "required to resolve all ambiguities and draw all permissible factual inferences in favor of the party against whom summary judgment is sought." *Terry v. Ashcroft*, 336 F.3d 128, 137 (2d Cir. 2003), quoting *Stern v. Trustees of Columbia Univ. in City of New York*, 131 F.3d 305, 312 (2d Cir. 1997). However, "conclusory statements or mere allegations [are] not sufficient to defeat a summary judgment motion." *Davis v. State of New York*, 316 F.3d 93, 100 (2d Cir. 2002). "The nonmoving party must 'go beyond the pleadings, and by [his or] her own affidavits, or by the "depositions, answers to interrogatories, and admissions on file," designate "specific facts showing that there is a

genuine issue for trial."'" *Id.*, quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986), quoting Fed. R. Civ. P. 56(e).

In *Malkin v. United States*, 243 F.3d 120 (2d Cir. 2001), this Court affirmed the dismissal of a refund action, following a bench trial, where the taxpayer argued that the IRS failed to demonstrate execution of a waiver of the statute of limitations, because it had lost or destroyed the original waiver form, and presented only contemporaneous entries in its computer system to demonstrate its receipt. This Court found that those entries, taken with IRS employees' testimony as to their general practice, were sufficient to demonstrate that the taxpayer had executed the form, rejecting the arguments that the record was unreliable and the agent had a motive to forge the form as speculative and unsupported by any evidence. *See id.* at 123-24.

Here, as in *Malkin*, the Government properly demonstrated by contemporaneous entries in its computer system and the testimony of Internal Revenue Service ("IRS") employees, that Appellant executed and returned to the IRS a waiver of the statute of limitations extending the time for assessment of TFRP until December 31, 2002. *See id.* At his deposition, Appellant testified that he did not recall whether he executed the form, and in opposition to the motion for summary judgment, presented only speculative arguments that the form noted in the IRS computer system might not have been executed by him or might not have extended the time until December 31, 2002. Accordingly, the

3

district court properly concluded that Appellant failed to present evidence raising a genuine issue of material fact sufficient to defeat the motion for summary judgment. *See Davis*, 316 F.3d at 100.

We have considered all of Appellant's arguments on appeal and find them to be without merit. Accordingly, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4